DISTRICT COURT.                                    AUGUST 26, 1862.
                         ADMIRALTY.

## THE LODONA.

Review of acts of Congress relating to fees and distribution in prize cases.

### PRIZE.

#### REFERENCE TO COMMISSIONER.

REPORT of commissioner to whom was referred the claim of the clerk and marshal for compensation. No further contention appears to have been made.

### CADWALADER, J.

In this case the prize commissioners stating that, for the reasons set forth in the report in the case of the Florida, this vessel is undergoing such deterioration from detention, that by reason thereof and of accruing charges she is properly to be regarded as perishable, and the Attorney of the United States stating that the government which he represents in this court is desirous of taking her immediately for public use, at any valuation at which she may be reasonably appraised, the Court said: The monition in this case is returnable on the 5th of September next, before which day the third proclamation will have been made. Should no claim of restitution have been interposed, the case may perhaps be determined on the preparatory proofs upon the return of the monition; in the meantime I cannot make an irrevocable order to sell the vessel as perishable, upon the present informal report of the commissioners. I direct a commission to be issued to John H. Young, Jacob G. Neafie and Samuel V. Merrick, to report specially upon the condition of the vessel and her liability to unavoidable deterioration, and upon every other matter which may enable me to decide whether she is in an absolute or relative sense perishable from detention in custody. Upon the report of these commissioners I will probably be able definitively to decide whether

she should be sold as perishable or should remain in custody till condemnation or acquittal. In the meantime, however, I am justified as I think by the act of Congress of the 25th of March last, in making provisionally an order of sale upon the report of the prize commissioners already before me. This order is therefore made, and a writ of sale will issue returnable on the 12th of September next. Should the vessel in the meantime be condemned the sale will at all events be made. The result will be the same, though she should not be condemned if the report of the new commissioners should not induce a rescission of the order of sale now made. Should the report of these gentlemen induce the Court ultimately to take a view of the subject different from that of the prize commissioners, the order of sale will be rescinded if the vessel should not have been condemned. Her value is such that the expense incurred in the meantime, under the writ of sale in advertising, etc., will be proportionately too insignificant for consideration.

It is further ordered that the said commissioners have leave to employ J. H. Martin, or some other competent person, as clerk to aid them in the performance of said duties.

THE REPORT of the commissioners having been filed.

THE COURT said: I have considered the questions which are presented upon the report of Mr. Flanders, prize commissioner as to the claim of the clerk and marshal, respectively, for compensation from the funds which are subject in this case to the order of the Court.

The act of Congress of 26th February, 1853, Ch. 80, allows to the marshal for sales of vessels or other property under process in admiralty, or under the order of a court of admiralty, and for receiving and paying the money, for any sum under $500 2½ per cent., and for any larger sum 1¼ per cent. upon the excess, and the necessary expenses of keeping the property, not exceeding $2.50 per day; and in case the debt or claim shall be settled by the parties *without a sale* of the property, a commission of 1 per cent. on the first $500

of the claim or decree and one-half of 1 per cent. on the
excess over $500.   The same act allows the clerk of the
court for receiving, keeping and paying out money in pursu-
ance of the requirements of any statute, or order of court,
1 per cent. on the amount so received, kept and paid.  That
this act applies to prize cases, where it is not otherwise pro-
vided by law, appears from the paragraph at foot of page 168
·in the tenth volume of Little & Brown's Edition of the Laws.
The act contains a provision that no district attorney, mar-
shal or clerk, or their deputies, shall receive any other or
greater compensation for any services rendered than is pro-
vided in the act.   The act of 25th March, 1862, ch. 50, §§ 1
and 4, provided for the payment by the marshal of the gross
proceeds of every sale under an interlocutory or final order
or decree into the registry of the court, to abide its order,
and the subsequent payment of the ascertained net amount
into the treasury after final decree.   The same law enacts
that the prize commissioners, and also the district attorney
shall receive a just and suitable compensation for their sev-
eral and respective services in each prize case, or proceed-
ing, to be adjusted and determined by the Court; but con-
tains no such provision as to the marshal or clerk.   The act
of 17th July, 1862, ch. 204, § 12, (12 Ll. U. S. 608,) provides
that, in cases of prize, whenever a final decree of condem-
nation shall have been made, or any interlocutory sale has
been ordered, the property shall be sold by the marshal pur-
suant to the practice and proceedings in admiralty, and the
gross proceeds of such sale shall be forthwith deposited with
the assistant Treasurer of the United States at, or nearest to
the place of sale, to remain in the treasury until final decree,
whereupon the costs and lawful charges and expenses shall
be paid, and the balance distributed according to the decree.
A resolution of Congress of the same date provided that
thereafter all such moneys arising from sales should be paid
by the marshal into the treasury instead of the registry of
the court, less the costs and disbursements sworn to by the
marshal and taxed by the court; and that every clerk then

having any such moneys in hand should immediately pay the same into the treasury less such costs and disbursements; and, upon final decree the Secretary of the Treasury was authorized to pay over the same upon the order of the court; and it was provided that no more should be retained by any clerk from money received and paid over by him under that resolution as commissions or otherwise than one per centum upon the first $1,000, in each case, and one-fourth of one per centum on the excess above that sum, not, however, to exceed $250 in any case.

The act of 3d March, 1863, further to regulate proceedings in prize cases, and to amend various acts of Congress in relation thereto, enacts that upon any sale of prize property, the marshal shall forthwith deposit the gross proceeds with the Assistant Treasurer of the United States nearest to the place of sale and subject to the order of the court in the particular case; and that the court may, at any time, order the payment from such deposit of the expenses and disbursements necessarily incurred in the custody, preservation and sale of the property audited and allowed by the court; that when a decree of commendation shall be made in any cause the court may, in like manner, order the payment from such deposit of the costs, fees and charges decreed; and that, on a final decree of distribution, the residue of the deposit shall be paid into the treasury for distribution. This act authorizes the Secretary of the Navy to employ an auctioneer or auctioneers to make sales of prize goods under the direction of the marshal, at a rate of compensation not to exceed in any case $1\frac{1}{4}$ per cent. upon the gross proceeds. The act also authorizes the Secretary of the Navy or of War to take any captured vessel, any arms or munitions of war, or other material for the use of the government; and when the same shall have been taken, before being sent in for adjudication or afterwards, the department for whose use it was taken shall deposit the value in the treasury subject to the order of the court in which prize proceedings shall be taken in the case; and that when there is a final decree of

distribution in the prize court, or if no proceedings in prize shall be taken, the money shall be credited to the Navy Department to be distributed according to law.

This vessel was condemned on 12th September, 1862, that is to say after the act and resolution of 17th July, 1862, and before the act of 3d March, 1863. On 24th September, 1862, she was, on application of the District Attorney of the United States, on behalf of the Navy Department, adjudged to the United States at the appraised value of $80,000, and that amount having been paid into the registry of the court, it was ordered that the marshal execute an instrument of transfer to the United States, which was done, and the instrument acknowledged and recorded in court. On 18th March, 1863, the clerk, by order of the court, deposited this amount with the Assistant Treasurer of the United States to the order of the court in the cause.

Upon the distribution of this fund the question arises whether the marshal and clerk respectively should receive any and what commission.

It is clear that there was no sale of the vessel upon which, as such, a commission could be charged by the marshal. But, I concur with Mr. Flanders in opinion that the case of a settlement by the parties *without a sale* of the property has occurred within the fair meaning of the act of 1853; and that the marshal is, therefore, entitled to the reduced commission of one per cent. on $500 and one-half of that per centage on $79,500, this commission amounting to $402.50.

The effect of the act of 3d March, 1863, may have been to deprive the clerk of all emolument, in the way of commissions or otherwise, in cases of this kind arising after the date of the act. But I perceive nothing in the previous legislation which had the effect of depriving him of his commission of one per cent. under the act of 1853.

The purpose of the act of 17th July, 1862, and resolution of the same date was to prevent a double commission on a sale, or what was, in effect, the same thing. To effectuate this, the act relieved the clerk of the burden and responsi-

bility of the duty to receive and pay over the money upon which he was not allowed to charge a commission. But, in the case in question, this burden and responsibility was cast upon him. The case is neither within the letter, nor within the apparent spirit and purpose of the legislation of 17th July, 1862. The practical result proves this to be the case. His commission of $800 and the marshal's $402.50 amount together to $1,202.50. The marshal's commission on a sale would have been $1,018.75, to which the auctioneer's would have been added.

In this district the actual duty of safe keeping and checking, etc., had, under the previous practice, devolved upon the clerk. He still incurs the responsibility and labor of checking, etc., upon which it may be, that he will receive no compensation under the act of 3d March, 1863.

This act should not operate retrospectively upon a case not affected by the prior legislation.

As at present advised, I therefore think that he should, in this case, receive $800 and the marshal $402.50. But the case may stand over to give an opportunity to the Attorney of the United States, and counsel or agent of the naval captors to make further contestation, if they shall see proper.